LEONIE P. JESURUN *vs.* HENRY H. KENT and another.

January 12, 1891.

**Warehouseman—Conversion—Excessive Sale for Storage Charges—
Burden of Proof.**—A large number of articles were deposited by plaintiff with defendant for storage, the charge for storing to be two dollars per month. After the storage for the first month had been due more than three months, the defendant advertised and sold, article by article, all the goods, under the provisions of Laws·1889, *c.* 199. Enough was realized to more than pay the charges overdue for three months and expenses of sale. The action being for conversion, *held*, that the right to sell ceased as soon as the sale had produced enough to satisfy the charges overdue three months and expenses of sale, and all articles sold after that were illegally sold; that it was for defendant to show what articles were sold before the right to sell ceased, and, there being no evidence to show that, plaintiff was entitled to recover the value of all the articles.

**Same—Conversion by Purchaser—Articles Concealed in Chiffonier.**—
One wrongfully took and carried away a chiffonier in which were locked up various articles. *Held*, that he is liable for a converson of those articles, whether he knew they were there or not.

Action brought in the district court for Ramsey county to recover damages for the conversion of household furniture and effects, stored by plaintiff with defendant Kent and by him sold, the defendant Jaques being the purchaser. At the trial, before *Otis*, J., the plaintiff had a verdict of $513 against both defendants, who appeal from an order refusing a new trial.

*Charles Butts*, for appellants.

*S. A. Anderson*, for respondent.

GILFILLAN, C. J. Laws 1889, *c.* 199, § 1, gives to one who alters, repairs, or bestows labor or furnishes·material on, any article of personal property at the request of the owner or legal possessor, a lien on the property for his just and reasonable charges, and provides that if his just and reasonable charges are not paid within three months after the ·labor is performed or material furnished, he may proceed to sell the property at public auction, on prescribed notice, and that the proceeds of the sale shall be applied, first, to the dis-

charge of the lien and costs and expenses of keeping and selling, and the remainder, if any, shall be paid over to the owner. Section 2 gives a similar lien to others, among them one who safely keeps or stores personal property for his charges for keeping or storing, and the same power of sale for the satisfaction of his lien, charges, and expenses, upon the same conditions and restrictions. It follows from these provisions that the lien may exist, without any right to sell. That arises only when after three months the charges are not paid. The plaintiff deposited with defendant for storage at one time a large number of articles of personal property, the storage charges to be two dollars for each month. Assuming that the storage charge for each month came due at the end of the month, one month's charge, or two dollars, fell due May 29, 1889, another June 29th, and a third July 29th. The defendant gave notice of sale to satisfy the charges to take place September 27th, and on that day sold all of the goods, the sale producing $11.30, the expenses of sale being $3.50.

This action being for a conversion of the property, and the case appearing on the trial as above stated, and it not appearing in what order the goods were sold nor which articles were sold before and which after enough had been sold to produce two dollars and the expenses of the sale, the court instructed the jury that the power to sell was exhausted as soon as enough had been sold to satisfy the charge for storing for the first month, (that being the only charge for storing unpaid for more than three months,) and the expenses of sale; that any sale after that was illegal; that defendants were bound, in order to avoid liability for any specified article, to show that it was legally sold; and, as the evidence did not show which articles were sold while the power to sell existed, they had failed to prove a legal sale of any one article, and that the jury should therefore find in favor of plaintiff for the value of all the articles. The instruction to the jury was correct. The right to sell rested, under the statute, upon the fact that two dollars of the charge for storing had been unpaid for three months. If none of the charges had been unpaid for that period, there could have been no pretence of a right to sell. As soon as that charge was satisfied and ceased to exist, (and it was satisfied the moment two dollars and enough to pay expenses had

been realized,) the power to sell dependent on it ceased to exist. The case, then, was no way different from what it would have been had plaintiff, just before the sale, paid the charge for that month and the expenses up to that time. After that, certainly, a sale for the charges not due three months would have been illegal. Where a legal sale is made, and there is realized from it more than enough to satisfy the part of the charges which justified the sale and the expenses, and the party has still a lien for other charges, he may undoubtedly, under the last sentence in section 1, apply so much as is necessary to satisfy that lien, paying the remainder to the owner. This might occur where the property stored consisted of but one article, which sold for more than enough to satisfy the charges overdue for three months.

The verdict was against both defendants for the value of all the goods. It is objected that as to defendant Jaques this was erroneous, for the reason that some of the articles were locked in a chiffonier, and some wrapped and inclosed in a lounge, and that he had no notice of the contents of the chiffonier or lounge. Had he taken the chiffonier or lounge rightfully, there might be something in the point; but as he took them wrongfully, including the contents, it is immaterial whether he knew what the contents were or not.

As to the values, the plaintiff's witnesses showed sufficient competency to testify, and what weight was to be given to it was for the jury to say.

Order affirmed.